IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Kenneth Whitmore, # 227057, ) | |
| ) | |
| ) | Civil Action No. 6:13-3217-JMC-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| R. H. Mauney, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review pretrial petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND**

The petitioner is currently incarcerated at Livesay Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). The petitioner was indicted by the Greenville County Grand Jury during the October 2006 term of court for one count of armed robbery and one count of possession of a weapon during the commission of a violent crime (Indictment No. 2006-GS-23-8929) (App. 120–21). At trial (App. 1–119), the petitioner was represented by James L. Goldsmith, Jr. The State was represented by Assistant Solicitor Mitchell K. Byrd, Jr., of the Thirteenth Judicial Circuit Solicitor's Office. On January 22, 2008, after a trial before the Honorable Edward W. Miller, South Carolina Circuit Judge, a jury found the petitioner guilty of both charges (App. 113). Judge Miller

sentenced the petitioner to 15 years of imprisonment for the armed robbery conviction and five years of imprisonment on the possession of a weapon conviction (App. 118).

***Underlying Case Facts***

On July 29, 2006, the petitioner robbed Orin Nicholas Gonzalez ("victim") at gunpoint in the victim's front yard (App. 39–43).  The victim testified that, on that date, between 8:00 and 8:05 a.m., he was connecting his trailer to his car in his driveway (App. 39).  The petitioner pulled up in a black Ford Expedition.  The petitioner got out of the Expedition, pointed a shotgun at the victim, and said, "Give me your money or I will shoot you."  The victim gave the petitioner his wallet (App. 39-40).

The victim testified that at first he could not see the petitioner very well until the petitioner returned to his truck and took off his cap.  The victim told the petitioner to go ahead and take the money, but leave the wallet.  The petitioner threw the wallet on the ground and drove off (App. 40–41).  Subsequently, the victim started following the petitioner, followed the petitioner for two miles, wrote down the petitioner's license plate number, and then went home and called law enforcement.  The victim testified that he later viewed a photo lineup, and he was able to pick out the petitioner. The victim also identified the petitioner as the perpetrator at trial (App. 42-43).

The sheriff's deputy who responded to the call testified that the victim explained what happened and that he told the officer that he had written down the petitioner's tag number.  The victim also gave the deputy a description of the petitioner and the petitioner's vehicle (App. 51–52).  The deputy traced the tag number to the petitioner through the Department of Motor Vehicles ("DMV") and found a photograph in another database that fit the description of the petitioner (App. 52–53).  The victim identified the petitioner's photograph in the "photo lineup" as the perpetrator (App. 53–55).

The petitioner took the stand during his trial and denied any involvement in the crime.  He testified that, on the morning of the robbery, he was at a friend's house.  The petitioner indicated that he let another individual borrow his Expedition that morning (App. 70–72).  When the individual returned with his truck, the petitioner drove to another friend's

house.  He later went home, where he saw a number of police cars outside his home (App. 73–74).  The petitioner was arrested at that time (App. 56, 73).

***Direct Appeal***

The petitioner timely filed and served a notice of appeal on or before January 30, 2008 (doc. 22-3).  On appeal, the petitioner was represented by Wanda H. Carter, Deputy Chief Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense.  The petitioner's appeal was perfected with the filing of a final *Anders* brief of appellant (doc. 22-24).  In the final *Anders* brief, counsel asserted one argument — that the trial judge erred in denying the petitioner's motion for a directed verdict because the identification evidence was unreliable.  Counsel argued that this resulted in misidentification since they were cross-racial identifications involving a Latino victim and an African-American perpetrator.  The petitioner also filed a *pro se* brief (doc. 22-26).  In his *pro se* brief, the petitioner contended that the identification testimony and evidence presented at his trial were unreliable and that the identification procedure employed by the police was so suggestive that it raised a substantial likelihood of irreparable misidentification (doc. 22-6 at 5, 9; doc. 22-7).

In an unpublished opinion filed on November 5, 2009, the South Carolina Court of Appeals dismissed the petitioner's appeal (doc. 22-27).  *See State v. Whitmore*, Opinion No. 2009-UP-510 (S.C. Ct. App. Nov. 5, 2009).  In the opinion, the Court of Appeals noted that the petitioner had appealed his convictions for armed robbery and possession of a weapon during the commission of a violent crime.  The Court of Appeals also referenced the petitioner's arguments regarding witness identification.  After a review of the record, counsel's brief, and the petitioner's *pro se* brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Williams*, 406 S.E.2d 357 (S.C. 1991), the Court of Appeals dismissed the appeal and granted counsel's motion to be relieved.  The remittitur was issued on November 23, 2009 (doc. 22-28).

3

**PCR**

On April 12, 2010, the petitioner filed an application for post-conviction relief ("PCR") (Case No. 2010-CP-23-2905) (App. 124–37). In the application, the petitioner asserted claims of ineffective assistance of trial counsel, procedural due process of law violation, and malicious prosecution. (App. 126). Specifically, the petitioner raised 11 claims: (1) counsel failed by not giving him the motion of discovery and indictment before his trial; (2) trial counsel was ineffective in failing to communicate with the petitioner while he was out on bail; (3) counsel failed to effectively represent him by failing to adequately examine and investigate alibi witnesses; (4) counsel was ineffective by failing to object to a motion to suppress testimony about a weapon; (5) trial counsel was ineffective in failing to advise the jury in closing argument that the weapon in this incident was never found and never admitted into evidence at trial; (6) trial counsel was ineffective in failing to look at the arrest warrant where the judge did not sign the warrant that was certified for service; (7) counsel was ineffective in that he failed to adequately cross examine Officer J. W. Ard as to whom he verified as the driver of the petitioner's vehicle; (8) "suggestive and conducive to irreparable mistaken identification" resulted in a due process violation; (9) counsel was ineffective in not checking to verify that the victim in this case was an American citizen; (10) counsel was ineffective in initially telling the petitioner not to take the stand and then telling him to take the stand after talking with the solicitor; and (11) malicious prosecution (App. 131–37).

On June 10, 2010, the petitioner filed an amended and supplemental pleading to his PCR application (App. 138–57). In the amendment, the petitioner asserted three new claims: (1) trial counsel was ineffective for failing to litigate a Fourth Amendment violation of illegal search and seizure; (2) actual innocence; and, (3) denial of 14th Amendment right of due process by Officer Jonathan Ard, who committed a sham legal process under S.C. Code of Law § 16-17-735 by submitting false evidence (App. 139–52).

The State served its return on September 15, 2010 (App. 158–62). On May 12, 2011, an evidentiary hearing in this PCR action was held before the Honorable

4

Edward Welmaker, South Carolina Circuit Judge (App. 163–92).  The petitioner was present and was represented by Rodney Richey (App. 163).  The State was represented by Assistant Attorney General Karen C. Ratigan (App. 163).  The PCR court filed its order of dismissal on July 6, 2011 (App. 193–200).

In its order, the PCR court noted it had reviewed the record in its entirety and had heard the testimony and arguments presented at the PCR hearing (App. 195).  Furthermore, the PCR court had observed each witness who testified at the hearing and determined  their credibility.  The PCR court weighed the testimony accordingly (App. 195–96).

In his PCR application, the petitioner alleged he received ineffective assistance of counsel.  As noted by the PCR court, "The burden of proof is on the applicant to prove his allegations by a preponderance of the evidence" (App. 195 (citing *Frasier v. State*, 570 S.E.2d 172, 174 (S.C. 2002)). As the PCR court stated, for an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1)  that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2)  that he was prejudiced by his counsel's ineffective performance. *See Strickland v. Washington*, 466 U.S. 668 (1985); and *Porter v. State*, 629 S.E.2d 353, 356 (S.C. 2006).  In order to prove prejudice, an applicant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cherry v. State*, 386 S.E.2d 624, 625 (S.C. 1989). (App. 195–96).  At the PCR hearing, the petitioner stated he only met with trial counsel once (the day before trial) and that they discussed his side of the story but not the State's evidence or discovery materials.  The petitioner stated there was no evidence linking him to the crime.  The petitioner stated trial counsel should have investigated his alibi witnesses (whose names were listed in his statement), investigated "Killer" (the man who, according to the petitioner, borrowed his vehicle that day), and whether the victim was a legal citizen. The petitioner stated trial counsel should have challenged the searches of his home and vehicle. The petitioner stated trial counsel did not properly cross-examine Officer Ard and should have

5

objected to the State's failure to produce a weapon or introduce the vehicle's license plate number into evidence. The petitioner also stated that trial counsel should have made a more aggressive motion for a directed verdict (App. 196).

Trial counsel testified he had more than one meeting with the petitioner. Trial counsel testified, however, that the petitioner was on bond at first and was out of the state during most of the work week. He further testified that he filed discovery motions and both mailed the petitioner a copy of those materials and hand-delivered a copy. Trial counsel further testified that he extensively reviewed the discovery materials, charges, and elements with the petitioner as well as the petitioner's version of events. He testified the petitioner gave him the names of alleged alibi witnesses but that he could not locate them nor could he locate "Killer." He had considered asking the victim about his citizenship, but he decided against it because he was not sure how the jury would react and whether it was even an impeachable issue. Trial counsel testified there were no issues to argue with regard to the search or seizure. Rather, trial counsel stated the fact no evidence was found benefitted the defense case. Trial counsel testified the fact that the license plate number of the suspect's vehicle was not entered into evidence also benefitted the defense case because the tag number would have shown that the vehicle was registered to the petitioner (App. 196–97).

After hearing the testimony of the petitioner and counsel, the PCR court found counsel to be more credible and that counsel had adequately conferred with his client. The PCR court also found counsel had conducted a proper investigation and was competent in his representation of the petitioner (App. 197). The PCR court found that the petitioner failed to meet his burden of proving trial counsel did not properly investigate his case or prepare for trial. The petitioner's argument stemmed solely from his contention that law enforcement did not have a search warrant. The PCR court found the argument was without merit because no items were seized as a result of the search and trial counsel cited this fact to justify why he did not make a search and seizure argument. *See Roseboro v. State*, 454 S.E.2d 312, 313 (S.C. 1995) (finding where trial counsel articulates a valid

6

reason for employing a certain strategy, such conduct should not be deemed ineffective assistance of counsel) (App. 197). According to the PCR court, the petitioner could not prove he was prejudiced by trial counsel's actions because the search yielded no evidence that was introduced at trial (App. 196–97). Further, the PCR court found the petitioner failed to show what more trial counsel should have done to further investigate his case, and cited *Skeen v. State*, 481 S.E.2d 129, 131–32 (S.C. 1997) (holding applicant not entitled to relief where no evidence presented at PCR hearing to show how additional preparation would have had any possible effect on the result at trial) (App. 197–98).

The PCR court found the petitioner failed to meet his burden of proving trial counsel should have located his alibi witnesses, Danny and Donna Glenn, and the individual named "Killer" (App. 198). Trial counsel testified he could not locate the Glenns and that he was only given the nickname of "Killer" and not the actual name. As these alleged witnesses did not testify at the evidentiary hearing, any discussion regarding what they would have testified about at trial was purely speculative. *See Bannister v. State*, 509 S.E.2d 807, 809 (S.C. 1998) ("This Court has repeatedly held a PCR applicant *must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence* at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial.") (emphasis in original). (App. 198).

The PCR court also found that the petitioner failed to meet his burden of proving trial counsel should have brought up the issue of the victim's citizenship during trial. Trial counsel testified he chose not to explore this issue because he feared it might offend members of the jury, and the PCR court found this was a valid strategic decision. *See Roseboro*, 454 S.E.2d at 313. (App. 198).

The PCR court determined that the petitioner failed to meet his burden of proving trial counsel should have brought up the issue of the suspect vehicle's license plate number. The petitioner argued trial counsel failed to properly cross-examine Officer Ard on the matter. Officer Ard testified the victim gave him a description of the suspect and the suspect's license plate number and that a search of the DMV records indicated the vehicle

7

belonged to the petitioner.  Officer Ard further testified that the victim identified the petitioner in the photo lineup.  The PCR court found the petitioner failed to articulate what trial counsel should have asked Officer Ard that would have benefitted the defense (App. 199). The PCR court also found the petitioner failed to articulate a valid reason for trial counsel to have objected to the fact that the license plate number was never mentioned at trial  (App. 198).

Accordingly, the PCR court found that the petitioner had failed to prove the first prong of the *Strickland* test — that trial counsel failed to render reasonably effective assistance under prevailing professional norms.  The petitioner failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of petitioner.  The PCR court also found the petitioner had failed to prove the second prong of the *Strickland* test – that he was prejudiced by trial counsel's performance. The PCR court concluded that the petitioner had not met his burden of proving counsel failed to render reasonably effective assistance. *See Frasier*, 570 S.E.2d at 174. (App. 199). Ultimately, the PCR court found that the petitioner had not established any constitutional violations before or during his trial or during sentencing.  Trial counsel was not deficient, and therefore the petitioner was not prejudiced by counsel's representation; the PCR application was dismissed *with prejudice*.  The petitioner was advised of his right to appeal within 30 days from his receipt of the PCR court's order.  The PCR court also informed the petitioner of Rules 203, 206, and 243 of the South Carolina Appellate Court Rules for the appropriate appellate procedure after filing a notice of appeal (App. 200).

### PCR Appeal

The petitioner timely served and filed a notice of appeal on July 12, 2011 (doc. 22-10).  On appeal, the petitioner was represented by Katherine H. Hudgins, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense.  The petitioner's appeal of the PCR court's order was perfected with the filing of a *Johnson* petition for writ of certiorari (doc. 22-11).  *See Johnson v. State*, 364 S.E.2d 201, 201 (S.C. 1988).

8

In the *Johnson* petition, counsel argued the PCR judge erred in refusing to find counsel ineffective for failing to fully investigate the alibi witnesses and failing to seek funding to hire an investigator to try and locate the alibi witnesses. The petitioner also filed a *pro se* petition for writ of certiorari (doc. 22-14). In the *pro se* petition, the petitioner presented four arguments: (1) the PCR court erred in finding that his claim that trial counsel failed to investigate and argue the issue of the illegal search was without merit; (2) the PCR court erred in finding that trial counsel testified that he and petitioner had several meetings and that they discussed the discovery materials, the charges, and petitioner's versions of events; (3) the PCR court erred in finding that the petitioner failed to meet his burden of proving trial counsel should have brought up the issue of the victim's citizenship during trial; and, (4) the PCR court erred in finding that the petitioner failed to meet his burden of proving trial counsel should have brought up the issue of the suspect vehicle's license plate number (doc. 22-14 at 4).

By order filed July 24, 2012, the South Carolina Supreme Court transferred the petitioner's appeal to the South Carolina Court of Appeals (doc. 22-15). By order filed October 21, 2013, the South Carolina Court of Appeals denied the *Johnson* petition for writ of certiorari (doc. 22-16) and granted counsel's request to withdraw. The remittitur was issued on November 6, 2013 (doc. 22-17).

### FEDERAL PETITION

In his federal petition filed in the instant case, the petitioner makes the following claims (verbatim):

> **Ground One**: Probable cause was never introduce[d] against the Petitioner
> Supporting facts: There can be no question that the tag number was never mention[ed], detailing the police officer tip, has not a Fundamental Place in this warrant application. Probable cause has not been established. There is not mentioning of a Tag number to the Magistrate for an arrest warrant to show Probable Cause. In holding that the affidavit in fact did not contain sufficient additional information to sustain a determination of probable cause. The victim's tip is a

9

necessary element in a finding of probable cause, if this piece of paper does not exist, Officer Ard has no probable cause.

**Ground Two**:
Supporting facts: Petitioner claims he was denied his 6th and 14th Constitution Amendment Rights in violation of Due Process law by Officer Jonathan Ard – committing a sham legal process under South Carolina Code of Law § 16-17-735 by submitting false dealing with the tag number. This evidence has to Be False this evidence does not exist, it was not produced at trial, the criminal justice support-property report show's [*sic*] no Tag Number

**Ground Three**: Ineffective Assistance Counsel
Supporting facts: Counsel's Failure to Object and Raise the issue in the state proceeding of there's not being a Piece of Paper with the Petitioner's tag number to show probable cause in evidence constitute ineffective assistance under the *Strickland* standard. Petitioners' counsel did not conduct a substantial investigation into several plausible lines of defense checking Petitioner's alibi witnesses, scheduling a preliminary hearing. . . . To conversate with trial counsel throughout the 18 months Petitioner was out on bond, instead of talking to him the day before his trial.

(Petition pp. 6–9, 17–20).

## APPLICABLE LAW AND ANALYSIS

*AEDPA*

The present habeas action is deemed to have been filed on November 22, 2013, which is the date of receipt stamped on the envelope by SCDC (doc. 1-6 at 2). *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. *Lindh v. Murphy*, 521 U.S. 320 (1997). Under the AEDPA, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of" clearly established federal law as decided by the United States Supreme Court, or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."

28 U.S.C. § 2254(d).  State court factual findings are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. *Id.* § 2254(e)(1).

### Summary Judgment Standard

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Id.* at 248. "Only disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

**Petitioner's Response**

By order filed February 28, 2014, by order (doc. 26), the undersigned apprised the petitioner of the summary judgment procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). The petitioner on March 6, 2014, filed a motion for more definite statement (doc. 29), and on March 13, 2014, filed his response (doc. 33) to the motion for summary judgment. In his response to the motion for summary judgment, the petitioner reiterates his contention that probable cause was lacking (doc. 33 at 4); appears to object to the non-introduction of the paper on which the victim wrote the license plate number of the Ford Expedition (doc. 33 at 1–2); raises Fourth Amendment objections to the search of his home (doc. 33 at 4–5); contends that the trial court lacked subject-matter jurisdiction; and seeks an evidentiary hearing, a motion to vacate, and punitive damages "in smart money" (doc. 33 at 6). The petitioner also contends that his ground relating to the sham legal process under S.C. Code Ann. § 16-17-35 has not been procedurally defaulted (doc. 33 at 7–9); contends that his trial counsel's performance "fell below a Professional standard of Reasonableness" (doc. 33 at 10); indicates that "Killer" is Thomas Derrick Patterson (doc. 33 at 11); alleges that trial counsel "perjured himself" at the PCR hearing (doc. 33 at 11–13); expounds on his contentions that the search of his home violated the Fourth Amendment and that suppression remains an appropriate remedy (doc. 33 at 14–16); alleges that Officer Ard acted with malice (doc. 33 at 18); contends that trial counsel was ineffective for not objecting to the weapon during trial (doc. 33 at 19); asserts that the indictment issued in his criminal case should be quashed (doc. 33 at 20); alleges that the grand jury actually did not meet on the date of the indictment (doc. 33 at 20–21); and contends that he has not been validly indicted by a grand jury (doc. 33 at 22–23). On the final page of his response, the petitioner seeks an evidentiary hearing, a federal

investigation, and a motion to vacate "with Punitive Damages in smart money" for false incarceration (doc. 33 at 24).

### Exhaustion

Before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17–27–10, *et seq.*; S.C. Code Ann. § 17–27–90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C.1976). If the PCR court fails to address a claim as is required by South Carolina Code § 17–27–80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP to preserve the issue for appellate review. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007).[1]

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). In *McKennedy*, the South Carolina Supreme Court specifically held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan [ v. Boerckel*, 526 U.S. 838 (1999)]." 559 S.E.2d at 854. Accordingly, a claim would not be

---

[1]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals, either after a direct appeal or after pursuing relief in a PCR petition.

A habeas petitioner must first present his claim to the court in a manner in which it may be reviewed on the merits. *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). It is well settled in South Carolina that "[i]ssues not raised and ruled upon in the trial court will not be considered on appeal." *State v. Dunbar*, 587 S.E.2d 691, 693-94 (S.C. 2003). Moreover, it is not enough that the argument presented stems from the same factual scenario; rather, the legal argument must be the same as the argument presented below. *See, e.g., State v. Haselden*, 577 S.E.2d 445, 448 (S.C. 2003) (finding differing ground for objection did not preserve issue presented for review: defendant's objection on relevancy did not preserve argument the evidence was improper character evidence); *State v. Caldwell*, 662 S.E.2d 474, 482 (S.C. Ct. App. 2008) ("Because the argument raised on appeal does not appear to have been specifically raised below, it may not be preserved on appeal.").

In this case, the petitioner was found guilty of one count of armed robbery and one count of possession of a weapon during the commission of a violent crime. The petitioner filed a direct appeal. In his direct appeal, the petitioner did not raise any of the claims that he now raises in this federal habeas action. The Court of Appeals denied relief in his direct appeal. Thus, the petitioner exhausted his ability to file a direct appeal.

Subsequently, the petitioner filed a PCR application. In his initial PCR application, the petitioner raised the claims now raised in Ground Two and claims one, two, four, and six in Ground Three of this federal habeas action. The PCR court denied relief, and, in so doing, the PCR court specifically ruled upon the first, second, fourth, and sixth claims now raised in Ground Three. The PCR court did not rule upon any of the other claims raised in this federal habeas action. In the petitioner's PCR appeal, counsel raised

14

the second claim of Ground Three of this federal habeas action.  In his *pro se* petition for writ of certiorari, the petitioner raised the first, fourth, and sixth claims now raised in Ground Three.  The South Carolina Supreme Court denied the PCR appeal.  Thus, the petitioner has exhausted his available state post-conviction remedies. However, since the petitioner did not properly exhaust many of his claims, those claims are subject to procedural bar.

### Procedural Bar

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief on an issue after he failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts.  In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

If a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the Supreme Court of the United States has explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

The petitioner's claim in Ground Two, along with the third, fifth, and seventh claims of Ground Three were all procedurally defaulted in state court and are all barred

from federal habeas review.  In Ground Two, the petitioner asserts that his due process rights were violated by Officer Ard.  Specifically, he claims that Ard committed a sham legal process by fabricating the information about receiving the tag number from the victim.  To the extent this claim could be raised, to be preserved, such a freestanding claim would have to have been asserted at the trial level and then raised on direct appeal, which was not done in this case. *See Drayton v. Evatt*, 430 S.E.2d 517, 519–21 (S.C. 1993) (issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel).  Since this issue was not raised on direct appeal, it is barred from further state collateral review.  *See Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 562 n. 3 (1971); *Ingram v. State of S.C.*, No. 97-7557, 1998 WL 726757, at *1 (4th Cir. Oct. 16, 1998); and *Josey v. Rushton*, C.A. No. 7:00-547-20BG, 2001 WL 34085199, at *2 (D.S.C. Mar. 15, 2001).  Since this claim was not properly pursued by the petitioner in his direct appeal, federal habeas review of this claim is now precluded.  *See Coleman*, 501 U.S. at 750 (failure to properly appeal issue to state appellate court results in procedural bar on habeas review); *Wainwright v. Sykes*, 433 U.S. 72, 84–87 (1977); and *Waye v. Murray*, 884 F.2d 765, 766 (4th Cir. 1989).

In the third claim in Ground Three, the petitioner asserts trial counsel should have scheduled a preliminary hearing for petitioner to review the prosecution's evidence.  In the fifth claim in Ground Three, the petitioner asserts that the State violated his right to effective assistance of counsel because it allegedly interfered with counsel's ability to make independent decisions about how to present a defense at trial.  Specifically, the petitioner asserts that counsel did not insist that petitioner needed to testify at trial until after he had a conversation with the Solicitor.  In the seventh set of claims in Ground Three, the petitioner asserts counsel should have had a preliminary hearing to suppress evidence that was not found or produced, and counsel was ineffective for not objecting to the weapon at trial.  He also appears to assert that he is actually innocent.  While some of these claims

16

may have been raised by the petitioner in his PCR action, none of these claims were ruled upon by the PCR court, therefore they are unavailable for further collateral review. *See Pruitt v. State*, 423 S.E.2d 127, 128 (S.C. 1992) (issue must be raised to and ruled on by the PCR judge in order to be preserved for review); *Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (same); S.C. R. Civ. P. 59(e) (providing avenue for any party to move to alter or amend a judgment); *see Bostick*, 589 F.3d at 164 (acknowledging same rule applied consistently and regularly in South Carolina after *Marlar v. State*). Since the petitioner did not properly present these claims to the South Carolina appellate courts in a procedurally viable manner when he had the opportunity and the state courts would find any attempt to raise these claims now to be procedurally improper, then these claims are procedurally barred from review in federal habeas corpus. *See, e.g., Coleman*, 501 U.S. at 750 ("We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

### *Cause and Prejudice*

Ground Two, along with the third, fifth, and seventh claims in Ground Three are all procedurally barred absent a showing of cause and actual prejudice, or actual innocence. *See Wainwright v. Sykes*, 433 U.S. at 84–87; *Fowler v. Joyner*, No. 13-4, 2014 WL 2445786, at *10 (4th Cir. June 2, 2014). The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The petitioner expresses no particular cause for procedurally defaulting on his grounds. The petitioner had a direct appeal, a PCR hearing, and an

17

appeal from the PCR in which to raise these issues, and he failed to raise them, raise them properly, or preserve these issues for habeas review. The petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve these specific issues.

In the alternative, the petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The petitioner has not presented any evidence to support a claim of actual innocence, and he has not presented any evidence to undermine the victim's identification of him in the photo lineup or in court during trial (App. 42–43, 53–54). Actual innocence is not a claim but merely lifts the procedural bar, if established, and allows consideration of the habeas petition on the merits under *Bousley*. As the petitioner cannot show actual innocence, the procedural bar cannot be lifted.

***Merits***

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

18

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir. 1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is *de novo*. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA *de novo* standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257–58 (4th Cir. 1999).

To establish an unreasonable application of federal law, the petitioner must show more than "an incorrect or erroneous application of federal law." *Williams v. Taylor*,

19

529 U.S. 362, 413 (2000). Thus, "a federal court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be 'unreasonable' for habeas relief to be granted. This is a substantially higher threshold."

*Id.* at 410. As the Supreme Court has noted:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at —, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

### Ground One

In Ground One of his habeas petition, the petitioner claims that probable cause for his arrest was not established at trial (petition pp. 6, 17–18). Specifically, he claims that there was not sufficient probable cause for an arrest warrant because the State did not present documentation supporting the allegation that the victim provided Officer Ard with a license tag number that traced back to the petitioner's vehicle. The petitioner reiterates this contention in his response (doc. 33) to the respondent's motion for summary judgment.

Habeas corpus is not available for Fourth Amendment claims where the prisoner has a full and fair opportunity to litigate these claims in state court. *See Stone v. Powell*, 428 U.S. 465, 481–82 (1976) ("[W]here the State has provided an opportunity for

20

full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); and *Boggs v. Blair*, 892 F.2d 1193, 1199–1200 (4th Cir. 1989). Here, the petitioner had a full and fair opportunity to challenge whether there was probable cause for the arrest warrant in state court. Since he had the opportunity to raise this issue pre-trial and at trial, this claim is not available for federal habeas review. In any event, the issuance of the indictment for armed robbery and for possession of a weapon during a violent crime is conclusive to establish probable cause. *Rhyne v. Warden of Tyger River Corr. Inst.*, C.A. No. 4:07-3147-HMH-TER, 2008 WL 1930040, at *10 (D.S.C. Apr. 29, 2008) ("Here, the petitioner was indicted by the grand jury on the charges of armed robbery and attempted armed robbery, which satisfies any federal constitutional concerns as to a determination of probable cause."). Thus, Ground One should be denied and dismissed.

### Ground Three

In Ground Three of his petition, the petitioner raises claims of ineffective assistance of counsel (petition pp. 9, 20–28). To prevail on an ineffective assistance of counsel claim, the petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id*. A state court's finding on a claim of the ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law. Although applicable precedents require this court, under 28 U.S.C. § 2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in *Strickland*, the historical facts decided by a court of a state in a claim of

21

ineffective assistance of counsel remain subject to deference.  *See Williams v. Taylor*, 529 U.S. at 411.

In his first claim, the petitioner asserts trial counsel was ineffective for failing to argue that the state failed to show probable cause because it did not enter into evidence the piece of paper that allegedly had the petitioner's tag number written on it (petition pp. 9, 17-19).  A similar claim was ruled upon by the PCR court.  The petitioner cannot show that the PCR court made an unreasonable determination of the facts in denying relief upon this claim.  The PCR court's factual findings relevant to this claim were all supported by the record.  The petitioner stated that trial counsel should have objected to the State's failure to produce a weapon or introduce the vehicle's license plate number into evidence (App. 170–73).  Trial counsel testified that the fact that no evidence was found was to the benefit of the defense case (App. 185–86).  Trial counsel further testified that not entering the license plate number of the suspect's vehicle also was to the benefit of the defense case because entry of the license plate number at trial would have shown to the jury that the vehicle was registered to the petitioner (*id.*).

Officer Ard testified at trial that the victim gave him a description of the suspect and the suspect's license plate number and that a search of the DMV records indicated the vehicle belonged to the petitioner (App. 51–53).  Officer Ard also testified the victim picked the petitioner out of a photo lineup (App. 53–54).  Trial counsel cross-examined Officer Ard about the inconsistencies in the victim's statement and regarding the fact that no weapons were found in petitioner's home or vehicle (App. 57–61). The petitioner did not state what counsel should have asked (*see* App. 166–79).  Since the PCR court's factual findings are supported by the record, the petitioner is not entitled to federal habeas relief under 28 U.S.C. § 2254(d)(2) on this claim.

Furthermore, the petitioner cannot show the PCR court unreasonably applied federal law in denying relief upon this claim.  First, the PCR court applied the proper legal

standard in reviewing this claim pursuant to *Strickland v. Washington* (App. 195–97).  The petitioner cannot show that the denial of relief was objectively unreasonable under *Strickland*.  He failed to establish in state court that counsel was deficient in not requiring the State to present the paper with the petitioner's tag number in evidence.  The PCR court noted that the petitioner failed to show why counsel should have objected to the fact the license plate number was never mentioned at trial, and counsel further testified that the information would have been damaging because it would have further implicated petitioner's vehicle.  Counsel provided a valid, strategic reason for why he did not attempt to raise the issue at trial.  Further, the petitioner failed to show deficiency in that he did not present a legally viable basis for counsel raising the issue at trial.

The petitioner also fails to show how he was prejudiced.  As noted by trial counsel, presentation of the license plate number only further supported the petitioner's guilt.  In light of the petitioner's failure to present a basis by which such a challenge could be raised at his trial, he failed to show that he was prejudiced. *See, e.g., Almon v. United States*, 302 F. Supp. 2d 575, 586 (D.S.C. 2004) ("There can be no ineffective assistance of counsel for failing to raise a claim which is not legally viable.").  Accordingly, the petitioner is not entitled to relief under 28 U.S.C. § 2254(d)(1).

In his second claim in Ground Three, the petitioner asserts trial counsel was ineffective for not investigating plausible lines of defense, including checking on the petitioner's alibi witnesses (petition p. 19).  The PCR court denied relief upon this claim.  The petitioner cannot show the PCR court either made an unreasonable determination of the facts in denying relief upon this claim or unreasonably applied federal law in denying relief upon this claim.

The PCR court's factual findings are supported by the record.  The petitioner stated that trial counsel should have investigated his alibi witnesses whose names were listed in his statement.  The petitioner also stated counsel should have investigated "Killer"

23

(App. 174–76).  Trial counsel testified that he could not locate these witnesses or "Killer" (App. 182–83).  None of the alleged alibi witnesses testified at the PCR evidentiary hearing. (*See* App. 163–92).

The PCR court applied the proper legal standard in reviewing this claim under *Strickland v. Washington* (App. 195–97).  The petitioner fails to show that the denial of relief was objectively unreasonable because he does not show that counsel was deficient. Counsel testified that he looked into the alibi witnesses and into other possible defenses. Even if this federal district court were to assume that "Killer" and the two alibi witnesses ("the Glenns") actually existed, the petitioner failed to establish he was prejudiced in that he did not present any testimony from any of the alleged alibi witnesses, and he presented no evidence supporting any other defense that was not raised at trial.  *See James v. Harrison*, 389 F.3d 450, 452–57 (4th Cir. 2004) (applying *Williams v. Taylor* standard to ineffective assistance of counsel claim).  "Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result."  *Moorehead v. State*, 496 S.E.2d 415, 417 (S.C. 1998); *see also Bassette v. Thompson*, 915 F.2d 932, 939–40 (4th Cir. 1990) (allegation that trial counsel did ineffective investigation does not support relief absent proffer of the supposed witness' favorable testimony.).  Based upon the foregoing, this claim should be dismissed as meritless.

In the fourth claim of ineffective assistance of counsel, the petitioner asserts that trial counsel did not meet with him enough before his trial (petition p. 20).  The PCR court denied relief upon this claim.   The PCR court's factual findings are supported by the record, and the petitioner also fails to show the PCR court unreasonably applied federal law in denying relief upon this claim.  Again, the PCR court applied the proper standard of review in applying *Strickland,* and the petitioner does not show how this was unreasonable. (App. 195–98). The PCR court found counsel's testimony was credible, and the petitioner's

24

testimony was not credible (App. 197). These findings are entitled to deference. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). Trial counsel's testimony at the PCR hearing indicated that he met with the petitioner more than once, and he fully covered the petitioner's version of the case, the State's evidence, and the discovery that was provided (App. 180–82). In light of counsel's credible testimony, the petitioner cannot show that counsel was deficient. *See Smith v. State*, 745 S.E.2d 378, 382 (S.C. Ct. App. 2012). Further, the petitioner failed to show he was prejudiced. He presented no evidence or testimony that could have been obtained had counsel met with the petitioner more often. *See Jackson v. State*, 495 S.E.2d 768, 772 (S.C. 1998). Since the petitioner cannot show that the denial of relief was unreasonable, the petitioner is not entitled to federal habeas relief under 28 U.S.C. § 2254(d)(1), and this claim should be denied.

In his sixth ineffective assistance of counsel claim, the petitioner asserts that counsel was ineffective for not challenging an alleged Fourth Amendment violation in this case (petition pp. 20–22). The PCR court denied relief on a similar claim, and the petitioner cannot show how this was an unreasonable determination based on the record. During the PCR hearing, trial counsel testified that there were no issues to argue with regard to the search or seizure and that the fact no evidence was found helped the defense's case (App. 181–82).

The petitioner also cannot show the PCR court unreasonably applied federal law in denying relief upon this claim as the court reasonably applied the proper standard pursuant to *Strickland* (App. 195–97). The petitioner could not show that counsel was deficient. To the contrary, at the PCR hearing, the petitioner's trial counsel gave a very reasonable explanation for why he did not raise a Fourth Amendment argument — there was no evidence to move to suppress:

> Q: In your opinion were there any arguable search and seizure issues in this case?
>
> A: There were no arguable issues with respect to the search and seizure. And, in fact, my strategy was that since they didn't find anything that was to his benefit. And that I could argue, you know, there's a discussion of a gun, there's a discussion of a baseball cap and they found none to that. Now the fact that it inconvenienced him or upset his family, but the fact that nothing was found as a result of the warrantless search, I think goes to Mr. Whitmore's benefit and argued it at trial. Certainly there was nothing they found that connected him to this.

(App. 181–82). Since trial counsel gave valid, strategic reasons for not raising a Fourth Amendment challenge at trial, the petitioner cannot show that counsel was deficient in this regard. *See Strickland*, 466 U.S. at 689 (reasonable trial strategy is not basis for ineffective assistance); *Sexton v. French*, 163 F.3d 874, 887 (4th Cir. 1998) (tactical decision cannot be second-guessed by court reviewing a collateral attack). Because no evidence was retrieved from the search, and no evidence from the search was introduced at trial, trial counsel had no basis for raising a Fourth Amendment issue at trial. Thus, the petitioner fails to show he was prejudiced. *See, e.g., Almon v. United States*, 302 F. Supp. 2d 575, 586 (D.S.C. 2004). Accordingly, this claim should be dismissed.

### Subject-Matter Jurisdiction

At the end of his federal petition, the petitioner asserts that the trial court (the Court of General Sessions for Greenville County) lacked subject-matter jurisdiction as to the offense of possession of a weapon during a violent crime (petition p. 26). It is well-settled that a Court of General Sessions (the name for a South Carolina Circuit Court sitting in a criminal case) is the court in South Carolina having subject-matter jurisdiction over criminal cases. *State v. Odom*, 676 S.E.2d 124, 127 (S.C. 2009) ("There is no dispute that the circuit court qualifies as a court of general criminal jurisdiction under the South Carolina Constitution."). Subject-matter jurisdiction by a Court of General Sessions over a particular criminal charge is a question of state law, not federal law. *See, e.g., State v. Downs*, 604

26

S.E.2d 377, 381 (S.C. 2004) ("State law governs indictments for state-law crimes."); *see also Campbell v. State*, 535 S.E.2d 928, 929–30 (S.C. 2000) (affirming grant of post-conviction relief where Court of General Sessions lacked subject-matter jurisdiction to accept guilty plea to unindicted offense that was not a lesser-included offense to offense charged in indictment).

Federal habeas corpus proceedings are unavailable to relitigate state law issues. *Milton v. Wainwright*, 407 U.S. 371, 377 (1972). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1989). As a result, state law grounds are not a basis for federal habeas corpus relief. *See Wright v. Angelone*, 151 F.3d 151, 156–58 (4th Cir. 1998); and *Chance v. Garrison*, 537 F.2d 1212, 1215 (4th Cir. 1976), which hold that state law issues are not valid grounds for federal habeas corpus relief; *cf. Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Hence, the petitioner is not entitled to federal habeas corpus relief on the basis of the alleged lack of subject-matter jurisdiction by the Court of General Sessions.

### *Petitioner's Rule 60 Motions*

The petitioner has filed two Rule 60 motions (docs. 40, 41). In the first, the petitioner moves for relief from judgment or order pursuant to "Rule 60(b)(2)(3)(4)" (doc. 40). Counsel for the respondent in response indicates that such a motion is premature because this federal court has not entered a judgment in the above-captioned case (doc. 42). Although not specifically referenced in the motion (doc. 40), it appears that the "judgment" at issue in the motion is the judgment in the petitioner's closed criminal case, Case No. 2006-GS-23-8929 (*see* doc. 46 at 2 ("Respondent's attorney has tried to twist Petitioner's Brief around to state that He is asking for a Motion for Discovery when Petitioner is plainly stating the facts."). In his motion, the petitioner states that he has

27

contacted state court officials for grand jury materials and has been informed that a county grand jury transcript does not exist. According to the petitioner, the absence of a grand jury transcript means that he has not been indicted by a grand jury (doc. 40 at 2–3). This argument is without merit because the exhibits appended to the return and memorandum show that on October 17, 2006, the grand jury issued the indictment for armed robbery (Count I) and possession of a firearm during a violent crime (Count II) (App. 120–121 [doc. 22-2 at 48–49]). Hence, the petitioner's first Rule 60(b) motion (doc. 40) should be denied.

On May 15, 2014, the petitioner filed a Rule 60(b)(4) motion (doc. 41) for relief from judgment or order with respect to the undersigned's order (doc. 38) of April 28, 2014, which denied the petitioner's earlier motion for discovery filed on April 8, 2014 (doc. 35). Counsel for the respondent opposes this motion on the grounds that the undersigned's order of April 28, 2014, is not the type of order contemplated by Rule 60(b) and is premature (doc. 44 at 2–4).

In the original discovery motion filed on April 8, 2014, the petitioner sought so-called *Brady* material, *Brady v. Maryland*, 373 U.S. 83 (1963) (prosecutors must disclose exculpatory evidence to criminal defendants), and documentation relating to the grand jury that indicted him (doc. 35). In habeas corpus cases, leave of court is required for the parties to conduct discovery. *See* Rules Governing § 2254 Cases, Rule 6(a). Any party requesting discovery in a habeas corpus action must provide reasons for the request. Rules Governing § 2254 Cases, Rule 6(b). The Supreme Court has held that "the 'broad discovery provisions' of the Federal Rules of Civil Procedure do not apply in habeas proceedings." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A habeas petitioner must set forth specific allegations "show[ing] reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id.* at 908–09. In his Rule 60(b)(4) motion, the petitioner reiterates his contention that he was arrested without probable cause. As noted above, the grand jury indictment (App. 120–121 [doc. 22-2 at

28

48–49]) issued on October 17, 2006, by the grand jury in Greenville County conclusively establishes probable cause. *Rhyne*, 2008 WL 1930040, at *10 (indictment "satisfies any federal constitutional concerns as to a determination of probable cause."). Hence, no discovery is required with respect to the issue of probable cause.

### Petitioner's Request for Punitive Damages and Federal Investigation

Monetary damages are not available in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); and *Littlejohn v. South Carolina*, C.A. No. 6:10-0745-RBH-WMC, 2010 WL 1664889, at *2 (D.S.C. April 2, 2010) (collecting cases), *adopted by* 2010 WL 1664887 (D.S.C. April 23, 2010).

In this civil action, the petitioner cannot obtain a federal investigation of persons who participated in his criminal case. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981); and *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990).

### Petitioner's Request for Evidentiary Hearing

The decision whether to grant an evidentiary hearing in a Section 2254 habeas corpus action is left to the discretion of the particular district court. *Wolfe v. Clarke*, 691 F.3d 410, 421 (4th Cir. 2012) (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Although a district court has discretion with respect to an evidentiary hearing, statutory law and case relating to habeas corpus actions impose additional limitations on evidentiary hearings:

> Briefly, as we more thoroughly explained in *Wolfe I,* 565 F.3d at 166–71, if a § 2254 petitioner "has failed to develop the factual basis of a claim in State court proceedings," § 2254(e)(2) bars a district court from conducting an evidentiary hearing on the claim unless the petitioner can satisfy one of two statutory exceptions. Importantly, however, "'a failure to develop the factual basis of a claim is not established unless

29

> there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel.'" *Wolfe I*, 565 F.3d at 167 (quoting *Williams (Michael) v. Taylor*, 529 U.S. 420, 432, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000)); *see also Cullen v. Pinholster*, —— U.S. ——, 131 S.Ct. 1388, 1401, 179 L.Ed.2d 557 (2011) (recently affirming that § 2254(e)(2) "continues to have force," in that it "still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court" (citing *Michael Williams*, 529 U.S. at 427–29, 120 S.Ct. 1479)).

*Wolfe v. Clarke*, 691 F.3d 410, 421 (4th Cir. 2012).

On April 4, 2011, the Supreme Court issued its decision in *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), which limited the circumstances in which district courts may hold evidentiary hearings and when they may consider evidence produced at those hearings. An evidentiary hearing is not required when a petitioner's claims have been adjudicated in state court. *See Pinholster*, 131 S.Ct at 1402; and 28 U.S.C. § 2254(e)(2). Since the petitioner's exhausted claims have been adjudicated by courts of the State of South Carolina and his unexhausted claims are procedurally barred, an evidentiary hearing is not required. *See Townsend v. Sain*, 372 U.S. 293, 312–13 (1963); and *Wolfe*, 691 F.3d at 422.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 23) be granted. It is also recommend that the district court deny a certificate of appealability, deny the petitioner's Rule 60(b) motions (docs. 40, 41), deny the petitioner's motion for more definite statement (doc. 29), deny the petitioner's motion to be released or to be moved to Greenville County (doc. 16), and deny the petitioner's request for an evidentiary hearing.

s/Kevin F. McDonald
United States Magistrate Judge

June 30, 2014
Greenville, South Carolina

30

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).