# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Kenneth Whitmore, ) | |
| ) | Civil Action No. 6:13-cv-03217-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| R.H. Mauney, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Kenneth Whitmore ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging a lack of probable cause against Petitioner, due process violations under the Sixth and Fourteenth Amendments, and ineffective assistance of counsel. (ECF No. 1.) This matter is before the court on Respondent R.H. Mauney, Warden of Livesay Correctional Institution's ("Respondent") Motion for Summary Judgment (ECF No. 23) and Petitioner's Motion to be Released or Moved (ECF No. 16), Motion for More Definite Statement (ECF No. 29), Motion for Relief from Judgment under Rule 60(b)(2)(3)(4) (ECF No. 40), and Motion for Relief from Judgment or Order under Rule 60(b)(4) (ECF No. 41).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling. On June 30, 2014, the magistrate judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and deny Petitioner's motions. (ECF No. 48.) This review considers Petitioner's Specific Objection to Report of Magistrate Judge ("Objections"), filed July 9, 2014. (ECF No. 50.) For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Report. The court thereby **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 23) and **DENIES** Petitioner's Motion to be Released or

1

Moved (ECF No. 16), Motion for More Definite Statement (ECF No. 29), Motion for Relief from Judgment under Rule 60(b)(2)(3)(4) (ECF No. 40), and Motion for Relief from Judgment or Order under Rule 60(b)(4) (ECF No. 41).

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a recitation of the relevant facts and procedural history is warranted.

Petitioner is incarcerated at Livesay Correctional Institution within the South Carolina Department of Corrections. (ECF No. 1 at 1.) In October 2006, a Greenville County grand jury indicted Petitioner for one count of armed robbery and one count of possession of a weapon during the commission of a violent crime. (ECF No. 1-4 at 2.) A jury convicted Petitioner of both charges on January 22, 2008. (ECF No. 48 at 1.) Petitioner filed a direct appeal on January 30, 2008, asserting one argument: The trial judge erred in denying Petitioner's motion for a directed verdict on the basis of an unreliable identification. (*Id.* at 3.) The South Carolina Court of Appeals dismissed the appeal in an unpublished opinion on November 5, 2009. (*Id.*)

On April 12, 2010, Petitioner filed an Application for Post Conviction Relief ("PCR") alleging ineffective assistance of trial counsel, procedural due process violations, and malicious prosecution. (*Id.* at 4.) Petitioner raised eleven claims in his PCR application: (1) counsel failed by not giving Petitioner the motion of discovery and indictment before his trial, (2) trial counsel was ineffective in failing to communicate with Petitioner while he was out on bail, (3) counsel failed to effectively represent Petitioner by failing to adequately examine and investigate alibi witnesses, (4) counsel was ineffective by failing to object to a motion to suppress testimony

about a weapon, (5) counsel was ineffective by failing to advise the jury in closing arguments that the weapon used in the robbery was never found and never admitted into evidence at trial, (6) counsel was ineffective in failing to look at the arrest warrant that was certified for service, which the judge did not sign, (7) counsel was ineffective in that he failed to adequately cross examine Officer J.W. Ard as to whom he verified as the driver of Petitioner's vehicle, (8) "suggestive and conducive to irreparable mistaken identification" resulted in a due process violation, (9) counsel was ineffective in not verifying the citizenship status of the victim, (10) counsel was ineffective in initially telling Petitioner not to testify and then telling Petitioner to testify after speaking with the solicitor, and (11) malicious prosecution. (*Id.*) On June 10, 2010, Petitioner filed an amended and supplemental pleading to his PCR application, asserting three additional claims: (1) trial counsel was ineffective for failing to litigate an illegal search and seizure in violation of the Fourth Amendment, (2) actual innocence, and (3) Officer Jonathan Ard committed a "sham legal process" by submitting false evidence in violation of due process rights under the Fourteenth Amendment. (*Id.*) After an evidentiary hearing on May 12, 2011, the PCR court filed an order of dismissal on July 6, 2011. (*Id.* at 5.) The PCR court found Petitioner's counsel to be more credible and found that Petitioner had failed to meet his burden of proving counsel was ineffective or prove he was prejudiced by counsel's performance. (*Id.* at 6-8.)

Petitioner filed an appeal of the PCR dismissal via a *Johnson* petition,[1] alleging the PCR judge erred in refusing to find counsel ineffective for failing to fully investigate alibi witnesses and failing to seek funding to hire an investigator to locate the witnesses. (*Id.* at 9.) Petitioner

---

[1] The Supreme Court of South Carolina "approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), were followed." *Johnson v. State,* 294 S.C. 310, 310 (1988).

also filed a *pro se* petition for writ of certiorari, asserting four arguments: (1) the PCR court erred in finding that his claim of trial counsel's failure to investigate and argue the issue of an illegal search was without merit, (2) the PCR court erred in finding that trial counsel testified that he and Petitioner had several meetings prior to trial during which they discussed discovery materials, the charges, and Petitioner's version of events, (3) the PCR court erred in finding that Petitioner failed to meet his burden of proving counsel should have brought up the issue of the victim's citizenship at trial, and (4) the PCR court erred in finding that Petitioner failed to meet his burden of proving trial counsel should have brought up the issue of the suspect vehicle's license plate number. (*Id.*) The South Carolina Supreme Court transferred the appeal to the South Carolina Court of Appeals on July 24, 2012. (*Id.*) On October 21, 2013, the South Carolina Court of Appeals denied the petition for writ of certiorari. (*Id.*) The remittitur was issued on November 6, 2013. (*Id.*)

Petitioner filed his Petition on November 26, 2013. (ECF No. 1.) Petitioner alleges three grounds for habeas relief: (1) "Probable cause was never introduce[d] against the petitioner," (2) violations of due process rights under the Sixth and Fourteenth Amendments due to Officer Jonathan Ard submitting false evidence, and (3) ineffective assistance of counsel. (*Id.* at 5-8.) Petitioner alleges several facts under Ground Three, which the magistrate judge organized as seven claims: (1) counsel failed to object and raise the issue that no piece of paper with Petitioner's tag number was ever produced, (2) counsel made no substantial investigation into several lines of defense, including investigating alibi witnesses, (3) counsel should have scheduled a preliminary hearing for Petitioner to review prosecution's evidence, (4) counsel had no contact with Petitioner during the 18 months Petitioner was out on bond, but only met with Petitioner the day before the trial, (5) the state violated Petitioner's right to effective assistance of

counsel when the solicitor spoke to counsel at lunch during the trial, after which counsel changed his mind regarding Petitioner testifying, (6) illegal seizure pursuant to the Fourth Amendment in which officers entered Petitioner's home without a search warrant and no evidence was available to support probable cause to obtain a warrant, (7) counsel should have scheduled a preliminary hearing to suppress evidence that was not found or produced and was ineffective for "not objecting to the weapon during trial, this evidence has never existed. Petitioner has always claimed his actual innocence." (*See* ECF No. 48 at 16, 22-25; ECF No. 1 at 8, 19-27.)

On January 31, 2014, Petitioner filed a Motion to be Released or Moved requesting he be released from prison on personal recognizance or be moved to Greenville County to work as an electrician for the county. (ECF No. 16.) On February 27, 2014, Respondent filed a Motion for Summary Judgment (ECF No. 23) and a Return and Memorandum in Support of the Motion (ECF No. 22). The next day, the magistrate judge issued a *Roseboro* Order[2] advising Petitioner of the importance of the motion and his need to file an adequate response. (ECF No. 26.) On March 6, 2014, Petitioner filed a Motion for More Definite Statement requesting "a definite statement on the ground Petitioner made to this Honorable Court. Petitioner has not received any documentation that he erred in the grounds presented." (ECF No. 29.) On March 13, 2014, Petitioner filed a Response in Opposition to the Motion for Summary Judgment, which included a request for an evidentiary hearing for authentication of evidence and production of original pieces of evidence under Federal Rules of Evidence 901 and 1002. (ECF No. 33.) On May 8, 2014, Petitioner filed a Motion for Relief from Judgment or Order under Rule 60(b)(2)(3)(4), requesting relief for judgment due to his claim he was never indicted, and requesting

---

[2] The order was entered in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which requires the court to provide an explanation of dismissal or summary judgment procedures to *pro se* litigants.

compensation for lost wages and punitive damages. (ECF No. 40.) Petitioner filed a second Motion for Relief from Judgment or Order under Rule 60(b)(4) on May 15, 2014, alleging a lack of probable cause and requesting immediate release and compensation for lost wages and punitive damages, on the grounds of "neglect and criminal coercion, by falsifying the record," by Officer Ard. (ECF No. 41.) Respondent filed two Responses in Opposition to Motions for Relief from Judgment on May 27, 2014. (ECF Nos. 42 and 44.) On June 10, 2014, Petitioner filed a Reply to Respondent's Responses. (ECF No. 46.) The magistrate judge issued the Report on June 30, 2014, recommending granting Respondent's Motion for Summary Judgment and denying Petitioner's motions. (ECF No. 48.)

In the report, the magistrate judge found Petitioner has exhausted both his direct appeal remedies and post-conviction remedies in state court. (*Id.* at 14-15.) In addition, the magistrate judge found that Petitioner's claim in Ground Two of his Petition and Claims Three, Five, and Seven in Ground Three are procedurally barred from federal habeas review, as Petitioner had not raised these claims at the proper point in either his direct appeal or PCR proceedings. (*Id.* at 15-16.) A petitioner is barred from raising issues in a federal habeas corpus petition that he has previously failed to raise in state court proceedings that are now foreclosed due to exhaustion. (*Id.* at 15.) A petitioner who has bypassed his state remedies by failing to raise them at the proper time cannot then have those claims reviewed by the federal courts. (*Id.*, citing *Smith v. Murray,* 477 U.S. 527, 533 (1986).) The magistrate judge further found that Petitioner has not shown cause and prejudice, nor made a showing of actual innocence, to excuse the procedural bar against Ground Two and Ground Three claims Three, Five, and Seven. (*Id.* at 17.)

On the merits of Ground One, the magistrate judge found that Petitioner's claim is not available for federal habeas review, as Petitioner had the opportunity to raise the issue during the

6

pre-trial phase or at trial, and failed to do so.  (*Id.* at 21.)  The magistrate judge reasoned that habeas corpus relief "is not available for Fourth Amendment claims where the prisoner has a full and fair opportunity to litigate these claims in state court." (*Id.* at 20, citing *Stone v. Powell,* 428 U.S. 465, 481-82 (1976).)  Further, the magistrate judge found, the fact that an indictment had been issued for the charges against Petitioner is conclusive to establish probable cause.  (*Id.* at 21, citing *Rhyne v. Warden of Tyger River Corr. Inst.,* 2008 WL 1930040 at *10 (D.S.C. Apr. 29, 2008).)  On each of the remaining claims in Ground Three, the magistrate judge found that Petitioner cannot show the PCR court made an unreasonable determination of the facts in regards to counsel's performance during the pre-trial process and at trial, and thus he cannot now show his trial counsel was ineffective.  (*Id.* at 22-25.)

The magistrate judge also found that Petitioner's Rule 60 Motions (ECF Nos. 40, 41) should be denied.  (ECF No. 48 at 28-29.)  The magistrate judge reasoned that Petitioner's arguments that he was not indicted due to a lack of a grand jury transcript was without merit, as an indictment was issued on October 17, 2006.  (*Id.* at 28, *see also*, ECF No. 1-4 at 2.)  Further, the magistrate judge found Petitioner cannot set forth facts that he is entitled to relief regarding his claims that there was no probable cause to arrest him.  (ECF No. 48 at 28.)  "A habeas petitioner must set forth specific allegations 'show[ing] reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." (*Id.*, quoting *Bracy v. Gramley,* 520 U.S. 899, 908-09 (1997).)  The magistrate judge also found Petitioner is not entitled to punitive damages as "[m]onetary damages are not available in a habeas corpus action." (*Id.* at 29, citing *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973).)  Nor is Petitioner entitled to a federal investigation, the magistrate judge found, as a private citizen does not have a judicially cognizable interest in the prosecution of another person.  (*Id.*, citing *Linda R.S. v.*

7

*Richard D.,* 410 U.S. 614, 619 (1973).)  Finally, the magistrate found that Petitioner's request for an evidentiary hearing should be denied, as "[a]n evidentiary hearing is not required when a petitioner's claims have been adjudicated in state court."  (*Id.* at 30.)

Petitioner timely filed his Objections (ECF No. 50) to the Report on July 9, 2014.

## STANDARD OF REVIEW

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir.

1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Habeas corpus petitions filed after April 26, 1996, when the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted, fall under the AEDPA's provisions. *Lindh v. Murphy,* 521 U.S. 320, 326 (1997). Under the AEDPA, claims adjudicated on the merits in a state court proceeding cannot be the basis for federal habeas corpus relief unless the state court's decision was "contrary to, or involved in an unreasonable application of" clearly established federal law as decided by the United States Supreme Court, or unless the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Claims made in a federal habeas corpus petition that rest solely upon interpretation of state law are not cognizable on federal review. *Wright v. Angelone,* 151 F.3d 151, 157 (4th Cir. 1998). "[I]f the error committed … [is] merely related to a State procedural question, the issue may not be reached in a federal habeas corpus petition unless the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" *Id.* at 158, quoting *Hill v. United States,* 368 U.S. 424, 428, (1962).

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

9

## ANALYSIS

**Procedural Bar**

Although Petitioner reiterates his previously stated arguments on the merits of his claims in Ground Two and Ground Three Claims Three and Five, Petitioner offers no objection to the portion of the Report finding these claims to be procedurally barred and makes no mention of Ground Three Claim Seven in his Objections at all. In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond,* 416 F.3d at 315. Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas,* 474 U.S. 140; *Wright,* 766 F.2d 841; *Schronce,* 727 F.2d 91. Therefore, after a thorough and careful review of the Report and the record regarding this issue, the court finds the Report provides an accurate summary of the facts and law and adopts the magistrate judge's recommendation.

**Merits**

In the portions of his Objections regarding the magistrate judge's findings on the merits of Petitioner's claims in Ground One and Ground Three Claims One, Two, Four, and Six, Petitioner's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). Petitioner's arguments either repeat assertions he has made throughout the pleadings, which were addressed by the magistrate judge in the Report, or offer unsupported conclusory

statements. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995). Since Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error in this portion of the Report. Petitioner fails to present any facts showing he had cause for the procedural default, nor can he present any facts to establish prejudice. In addition, Petitioner can offer no more than his unsupported declarations of actual innocence to demonstrate a miscarriage of justice. Therefore, the court accepts the recommendation of the magistrate judge.

Inasmuch as Petitioner has made any non-repetitive arguments, he fails to support his claims. Petitioner argues that the magistrate judge erred in finding that Petitioner has had a "full and fair opportunity" to litigate the issue of probable cause, as his requests for a preliminary or evidentiary hearing have been denied. (ECF No. 50 at 3.) Petitioner, however, had the opportunity to raise the issue at the pre-trial or trial phases of his proceedings, and failed to do so. To the extent that this may have been the fault of Petitioner's trial counsel, Petitioner has also had the opportunity to raise this alleged failure on counsel's part in his PCR proceedings and had his claims denied.

Petitioner additionally challenges the validity of the sentence sheet, as neither he nor his trial counsel signed it. (*Id.* at 4, *see also* ECF No. 22-2 at 50-51.) This claim involves an interpretation of state law, and is therefore not cognizable on federal habeas review. *Wright,* 151 F.3d at 157. Further, Petitioner can offer no facts to show that any alleged state procedural error resulted in a "complete miscarriage of justice." *See Hill,* 368 U.S. at 428.

11

As such, Petitioner cannot make a showing on the merits of his non-barred claims and the court adopts the magistrate judge's recommendation.

**Subject Matter Jurisdiction**

In the portion of his Objections regarding subject matter jurisdiction, Petitioner again offers only repetitive arguments he previously presented to the court or makes challenges to procedures under state law, which are not cognizable under federal habeas review. *Wright,* 151 F.3d at 157. Since Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the recommendation of the magistrate judge.

Petitioner repeatedly asserts that the state lacked jurisdiction over him for lack of a valid indictment. However, he not been able to provide anything beyond his unsubstantiated accusations that the indictment that Petitioner himself attached to his Petition (ECF No. 1-4 at 2) is invalid. Petitioner cites to a Greenville County Court of Common Pleas schedule, asserting it proves a grand jury did not meet the week of October 17, 2006, when his indictment was issued. (*Id.* at 1.) This schedule, however, makes no mention of grand juries or when they convened during the period in question. (*Id.*) Additional arguments Petitioner puts forth rest solely on state law interpretation, and therefore federal habeas review is not available for any of these claims. Further, Petitioner can show no facts that any alleged procedural error under state law resulted in a "complete miscarriage of justice" that would require federal review. *See Hill,* 368 U.S. at 428.

**Rule 60 Motions**

In his Objections, Petitioner makes only repetitive arguments and conclusory statements regarding the magistrate judge's recommendation to deny Petitioner's Rule 60 Motions. Since Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the recommendation of the magistrate judge.

Petitioner's arguments in these motions center on his assertion that the state had no probable cause to arrest him for the armed robbery. However, as the magistrate judge noted, the indictment against Petitioner conclusively establishes probable cause. (ECF No. 48 at 29, citing *Rhyne,* 2008 WL 1930040 at *10.) As discussed, Petitioner's challenges to the validity of the indictment have no merit, or rest solely on state law, and are therefore not subject to federal review.

**Punitive Damages and Federal Investigation**

Petitioner cites to S.C. Code Ann. § 16-5-60 (West, Westlaw through 2013 Reg. Sess.), "Suits against county for damages to person or property resulting from violation of person's civil rights," to counter the magistrate judge's finding that he is not entitled to monetary damages in a habeas corpus action. (ECF No. 50 at 13.) This statute, however, only establishes rights under state law and does not establish that Petitioner is entitled to monetary damages under this *federal* habeas corpus Petition. As such, the court agrees with the magistrate judge that Petitioner is not entitled to this remedy under his Petition. (ECF No. 48 at 29.)

Petitioner offers no objection to the magistrate judge's recommendation that his request for a federal investigation be denied. In the absence of objections to the Report, this court is not

required to provide an explanation for adopting the recommendation and must only satisfy itself that there is no clear error on the face of the record.  *See Camby,* 718 F.2d at 199; *Diamond,* 416 F.3d at 315.  Therefore, after a thorough and careful review of the Report and the record regarding this issue, the court finds the Report provides an accurate summary of the facts and law and adopts the magistrate judge's recommendation.

**Request for Evidentiary Hearing**

Petitioner offers no objection beyond a simple statement that he "know[s] the lower court, the Supreme Court, the Court of Appeals, and this Federal District Court does not have probable cause to hold him."  (ECF No. 50 at 13.)  Since Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315.  The court does not find clear error and accepts the recommendation of the magistrate judge.

Petitioner has had the opportunity to raise evidentiary and probable cause issues in his trial, direct appeal, and PCR proceedings, and has done so.  As such, the court agrees with the magistrate judge that this claim has been adjudicated by the state court, and thus an evidentiary hearing is not required.  (ECF No. 48 at 30.)

**Additional Motions**

Petitioner filed a Motion for a More Definite Statement requesting the court "show where he erred in his fact finding on the merits."  (ECF No. 29 at 2.)  As the Report provided a detailed analysis of Petitioner's arguments and asserted facts, the court denies this motion as moot.

Petitioner also filed a Motion to be Released or Moved to Greenville County to work as an Electrician.  (ECF No. 16.)  Petitioner filed this Motion pursuant to Federal Rule of Appellate

14

Procedure 23. (*Id.*) This rule "provides that a prisoner appealing denial of habeas corpus relief may be released pending a ruling on his appeal if release appears fitting to the court." *United States v. Nardone,* 1988 WL 60788 at *1 (4th Cir. June 6, 1988). As the denial of the Petition has only just been ordered and the denial is not yet in review, Petitioner is not entitled to action under this rule and the motion is therefore denied.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the magistrate judge and the record in this case, the court **ACCEPTS** the Report of the magistrate judge (ECF No. 48). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 23) is **GRANTED** and Petitioner's Motion to be Released or Moved (ECF No. 16), Motion for More Definite Statement (ECF No. 29), Motion for Relief from Judgment under Rule 60(b)(2)(3)(4) (ECF No. 40), and Motion for Relief from Judgment or Order under Rule 60(b)(4) (ECF No. 41) are **DENIED** and this action (ECF No. 1) is **DISMISSED**.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

United States District Judge

September 19, 2014
Columbia, South Carolina

16